UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **JEFFRY KELLY, individually and on behalf of all other similarly situated individuals,**<br><br>Plaintiff,<br>v.<br><br>**Killion Communications Consultants, Inc.,**<br><br>Defendant. | Case No. 3:15-cv-03277-SEM-TSH |

### JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND DISMISSAL OF CLAIMS

### INTRODUCTION

Through this joint motion, the Parties respectfully request that this Court approve their settlement in this Fair Labor Standards Act ("FLSA") collective action for overtime compensation, and to dismiss this case with prejudice. As detailed below, the Court should grant the Parties' motion because this settlement is a fair, adequate, and a reasonable resolution of the Parties' bona fide disputes as to liability and damages under the FLSA.

### SUMMARY OF LITIGATION AND SETTLEMENT DISCUSSIONS

On September 23, 2015, Plaintiff Jeffry Kelly ("Kelly"), on behalf of himself and all other allegedly similarly situated individuals, filed this collective action under the FLSA, 29 U.S.C. § 201 et seq., for unpaid overtime. (ECF No. 1.) Specifically, Kelly alleged that he and other hourly employees were paid their regular rate of pay for hours worked over 40 in one week, as opposed to the mandatory time and one-half time

1

overtime premium. (Id., ¶¶ 15-16.) On November 10, 2015, Defendant Killion Communication Consultants, Inc. ("Killion" or "Defendant"), filed its Answer, denying the allegations in the Complaint, denying that a collective action under the FLSA was appropriate, and raising several affirmative defenses. (ECF No. 7.) The Parties then stipulated to conditional certification of this matter as a collective action under the FLSA, and the Court granted conditional certification and authorized notice to be distributed to the collective (after evaluating each party's respective position as to certain portions of the content of the notice materials). (ECF Nos. 9, 12.) Following distribution of notice to 95 putative collective members, and upon expiration of the 60-day notice period established by the Court, two individuals filed consents to join this case—Maxine Oberg ("Oberg") and Rodney Wilkerson ("Wilkerson"). (ECF Nos. 14, 16.) The Court subsequently dismissed Wilkerson upon stipulation of the Parties, leaving only Kelly and Oberg as plaintiffs. (ECF No. 21; Text Order dated September 21, 2016.)

On May 31, 2016, soon after close of then notice period, and the Parties therefore knew the scope of the conditionally certified collective action, the Parties began settlement discussions. (ECF Nos. 16, 17, 18, and 19.) In August 2016, after repeated correspondence and telephone conferences between the Parties' counsel setting forth various demands and offers, the Parties reached an agreement in principle (ECF No. 20), and the Parties have formalized their settlement in separate Settlement Agreement and Releases for both Kelly and Oberg. Each Settlement Agreement and Release has been filed under seal (pursuant to Text Order dated September 29, 2016) for the Court's review and consideration. Counsel for the Parties at all times vigorously pursued their

2

respective positions and the rights of their clients throughout the negotiations, engaged in legal and factual analysis, potential damages analysis, and otherwise exhibited good faith, arms-length negotiations regarding settlement.

## ARGUMENT

The Parties have reached a settlement, and each plaintiff personally worked plaintiff's counsel in the negotiation of the settlement terms. The settlement fairly and reasonably resolves the Parties' claims and defenses and the Court should enter an order approving the settlement.

### I. THE SETTLEMENT IS A FAIR AND REASONABLE RESOLUTION OF THE PARTIES' BONA FIDE DISPUTES AS TO LIABILITY AND DAMAGES UNDER THE FLSA.

In the context of a private lawsuit brought by an employee against an employer under FLSA Section 216(b), courts have held that an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement, and the district court enters a stipulated judgment approving the fairness of the settlement. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." Koszyk v. Country Fin. a/k/a CC Servs., Inc., No. 16 CIV. 3571, 2016 WL 5109196, at *1 (N.D. Ill. Sept. 16, 2016); Lynn's Food Stores, 679 F.2d at 1355; Burkholder v. City of Ft. Wayne, 750 F. Supp. 2d 990, 994-95 (N.D. Ind. 2010); Zolkos v. Scriptfleet, Inc., No. 12 CIV. 8230 GF, 2015 WL 4275540, at *3 (N.D. Ill. July 13, 2015); Butler v. Am. Cable & Telephone, LLC, No. 09 Civ. 5336, 2011 WL 4729789, at *8-9 (N.D. Ill. Oct. 6, 2011).

3

"If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Koszyk, 2016 WL 5109196, at *1; Roberts v. Apple Sauce, Inc., No. 12 Civ. 830, 2014 WL 4804252, at *2 (N.D. Ind. Sept. 25, 2014). "It is a well settled principle that the law generally encourages settlements." Dawson v. Pastrick, 600 F.2d 70, 75 (7th Cir. 1979).

A bona fide dispute indisputably exists in this case. Kelly and Oberg claim that Defendant paid Plaintiffs their regular rate of pay for overtime work, as opposed to the mandatory time and one-half time overtime premium. Killion specifically denies that Kelly and Oberg are owed any unpaid overtime compensation under the FLSA. And even if plaintiffs were deemed to be owed any such compensation, the Parties dispute the amount of any damages to which they would be entitled, including as to whether liquidated damages would be appropriate and whether Defendant's alleged conduct was "willful" so as to give rise to three rather than two years of liability. *See* 29 U.S.C. § 255(a). Although both Parties continue to firmly believe in the merits of their respective claims and defenses, given the time and expenses associated with full-blown litigation and discovery, and the uncertainty of dispositive motion practice and trial, the Parties agree that a compromise is appropriate at this stage of the litigation. They desire to resolve this case by way of a negotiated settlement payment by Killion to Kelly and Oberg, in exchange for releases of claims by Kelly and Oberg.[1] See Lynn's Food Stores, 679 F.2d at 1354 ("Thus, when the parties [to litigation] submit a

---

[1] Kelly's Settlement Agreement and Release also releases Kelly's Illinois state law wage and hour claim based upon the same allegations of failure to pay the overtime premium.

4

settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.").

The settlement is a fair and reasonable. First, Kelly and Oberg are receiving a substantial recovery, particularly as compared to the risk of zero recovery through further litigation, with attorneys' fees and costs negotiated separately and not affecting Plaintiffs' recoveries. Second, "[t]he Court may presume that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary." Collins v. Sanderson Farms, Inc., 568 F. Supp. 2d 714, 725 (E.D. La. 2008); Cotton v. Hinton, 559 F.2d 1326, 1330 (5th Cir. 1977). No such evidence exists here. This settlement was reached as a result of arms-lengths negotiations, with both Kelly and Oberg personally involved in the negotiations, between counsel. A court is entitled to rely on the judgment of experienced counsel for the parties in performing this balancing task and absent fraud, collusion or the like, a court should be hesitant to substitute its own judgment for that of counsel. Cotton, 558 F.2d at 1330; Lynn's Food Stores, 679 F.2d at 1354.

Third, although the parties avoided formal discovery so as to avoid incurring expenses while they tried to resolve this matter and instead exchanged pertinent data and documents concerning the plaintiffs, the proceedings had advanced to a stage sufficient to permit the Parties and their counsel to evaluate their claims and defenses, understand the scope of potential damages, and engage in negotiations with the mutual understanding that continuing toward additional formal discovery and completing

5

dispositive motion practice (including decertification) would be a difficult, costly and uncertain undertaking.

Fourth, the expense and likely duration of the litigation should a settlement not have been reached weighs heavily in favor of finding that the settlement is fair and reasonable. Without question, if the case had not settled, the Parties would have spent significant additional time and resources completing written and deposition discovery, including depositions of Kelly and Oberg, Defendant's Fed. R. Civ. P. 30(b)(6) corporate designee(s), and additional upper management witnesses. If this case would have not settled, the Parties would have spent significant time drafting motions including potentially for decertification and summary judgment. Following the resolution of these issues, the Parties potentially faced the prospect of an expensive jury trial, with risks to the Parties, as well as likely appeals and post-trial motions. Rather than take this path, the parties directed their efforts towards early, informed, efficient resolution of Plaintiffs' claims. The settlement eliminates the inherent risks both sides would bear if this case were to continue.

Fifth and finally, under the FLSA, the court "shall in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). What constitutes a reasonable fee is within the sound discretion of the district court. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Plaintiffs' attorneys' fees and costs were negotiated separately and will not be taken from Kelly or Oberg's recovery. The

negotiated payment of attorneys' fees represents, as plaintiffs' counsel has maintained and which Defendant has no reason to dispute, a substantial discount of the actual fees and costs incurred by Kelly and Oberg's counsel in prosecuting this action on their behalf.  Therefore, the agreed-upon fees and costs are reasonable and should be approved.

## **CONCLUSION**

This FLSA collective action settlement is a product of an arms-length negotiation between counsel that has resolved a bona fide dispute over alleged unpaid overtime wages.  The settlement is fair and reasonable and provides Plaintiffs with significant monetary relief.  Accordingly, the Parties jointly and respectfully request that this Court approve the Parties' settlement agreement and the distribution of the settlement amount to Plaintiffs in full as described above.  Further, Plaintiffs' Counsel requests that this Court award as reasonable the attorneys' fees and litigation costs in the amount requested.  Finally the Parties jointly request that this action be dismissed with prejudice.

Respectfully submitted,

DATED: November 14, 2016

s/Jason P. Hungerford
Jason P. Hungerford (MN Bar No. 304657)
Matthew H. Morgan (MN Bar No. 395908)
NICHOLS KASTER PLLP
4600 IDS Center
80 South 8th St.
Minneapolis, MN  55402
Phone:  612-256-3200
Facsimile: 612-215-6870
jhungerford@nka.com
morgan@nka.com

Attorneys for Plaintiffs Jeffrey Kelly and the collective.


s/Gregory P. Abrams
George A. Stohner (Attorney No. 6315938)
Gregory P. Abrams (Attorney No. 6280767)
FAEGRE BAKER DANIELS LLP
311 S. Wacker Drive, Suite 4300
Chicago, IL 60606
Phone:  312-212-6500
Facsimile:  312-212-6501
george.stohner@FaegreBD.com
gregory.abrams@FaegreBD.com

Attorneys for Defendant Killion Communications Consultants, Inc.

## CERTIFICATE OF SERVICE

  I certify that on November 14, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

  George A. Stohner (Attorney No. 6315938)
  Gregory P. Abrams (Attorney No. 6280767)
  FAEGRE BAKER DANIELS LLP
  311 S. Wacker Drive, Suite 4300
  Chicago, IL 60606
  Phone:  312-212-6500
  Facsimile:  312-212-6501
  george.stohner@FaegreBD.com
  gregory.abrams@FaegreBD.com


            s/Jason Hungerford